GALVESTON, HARRISBURG & SAN ANTONIO RAILWAY COMPANY V.
VALENTINE HAAS.

Delivered November 3, 1897.

**1.  Contract—Construction of Terms.**

A stipulation in a deed to a railway company requiring it to "so build its fence
that the stock kept in the pasture" on a specified survey can have full use of the
water in a ditch on the right of way, limits the use of the water along such right of
way to stock kept in the pasture, and does not include stock in other parts of the
survey.

**2.  Pleading—Ownership to be Alleged.**

Plaintiff in an action against a railroad company for failure to so build its fence
that the stock kept in the pasture on a specified survey can have full use of the water
in the ditch on the railroad right of way, as it had agreed to do, must allege his owner-
ship of such pasture.

**3.  Evidence Irrelevant Because Not Limited.**

Evidence of the amount for which an entire survey was rendered for taxes before
and after the destruction of a ditch along a railroad right of way is properly excluded
in an action for damages for breach of an agreement by railroad company to so build
its fence that the stock kept in the "pasture" on such survey can use the water in the
ditch.

APPEAL from the County Court of Medina.  Tried below before Hon.
ED DE MONTEL, Special Judge.

*Baker, Botts, Baker & Lovett, Clark & Guinn,* and *Ingrum & Davis,*
for appellant.—The court erred in overruling defendant's general de-
murrer to plaintiff's first amended original petition, because said peti-
tion shows no cause of action by the plaintiff, in that it fails to allege
ownership of the land to which the tank or pond is claimed as an ease-
ment, nor does plaintiff show any right, title, or interest in said land,
nor state any facts that would admit of proof of ownership or interest
in said land at the time suit was brought or subsequent thereto.  Holman
v. Criswell, 13 Texas, 42; Flaxman v. Rice, 65 Texas, 430; Gray v. Os-
borne, 24 Texas, 157; Sayles' Pl., secs. 52, 64; Stephen on Pl., 286, et seq.;
Howard v. Lock (Ky.), 22 S. W. Rep., 332; Railway v. Brouthey (Ky.),
28 S. W. Rep., 477.

*B. B. Rose* and *S. B. Easley,* for appellee.

NEILL, ASSOCIATE JUSTICE.—This is the second appeal in this case
from a judgment in favor of appellee.  Our opinion in the first is re-
ported in 37 Southwestern Reporter, 167, and reference is made to it for
a statement of the case.

The stipulation in the deed requiring appellant to "so build its fence,"
on the right of way thereby conveyed, "that the cattle or other kinds of
stock kept in the pasture on survey 64 can have full use of the water in
the ditch on the right of way of said railroad," limits the use of the water
along the right of way to stock kept in the pasture.  Therefore the dam-
age accruing from appellant's destruction of the right reserved by this

stipulation must be confined to the part of the survey included in the pasture. In order to entitle the appellee to the damages, he must have owned such part of the survey at the time the damages, if any, accrued, and such ownership should have been alleged. The failure to allege such ownership, or of any part of the survey, at the time the alleged damages accrued was excepted to by appellant, and the exceptions should have been sustained.

The evidence of damages offered upon the trial should have been confined to the part of the land constituting the pasture, and should not have been extended to the entire survey. Therefore the court erred in refusing to allow appellant to show the damages to the pasture adjoining the right of way, and permitting appellee to prove the damages to the entire survey.

Evidence of the amount for which the entire survey was rendered for taxes before and after the destruction of the ditch was properly excluded. The questions raised by the other assignments were considered in our former opinion, and we see no reason for reviewing them.

On account of the errors indicated, the judgment of the County Court is reversed and the cause remanded.

*Reversed and remanded.*